UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OCI CHEMICAL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05CV1506 FRB |
| ) | |
| AMERICAN RAILCAR INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court are defendant American Railcar Industries, Inc.'s Motion for Partial Summary Judgment on Counts III, IV, V, VII and IX of the First Amended Complaint (filed December 5, 2008/Doc. #60) and Separate Motion for Summary Judgment on Count IX of the First Amended Complaint (filed December 5, 2008/ Doc. #62). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff OCI Chemical Corporation (OCI) brings this cause of action pursuant to this Court's diversity jurisdiction alleging that defendant American Railcar Industries, Inc. (ARI), designed, manufactured, assembled, and distributed to plaintiff twenty-five new railcars for the purpose of transporting sodium percarbonate; and, further, agreed to design a pressure relief system for railcars carrying sodium percarbonate. Plaintiff alleges that upon its receipt of the railcars, it proceeded to

transport sodium percarbonate therein and that two of said railcars exploded due to increased pressure within the railcars, and that other railcars experienced increased interior pressure. Plaintiff asserts that the railcars were in defective condition in that they were designed, manufactured, assembled, produced, and distributed with defective and insufficient pressure relief systems. In its First Amended Complaint filed in March 2008, plaintiff brings nine claims for relief: Count I, Strict Liability; Count II, Strict Liability - Failure to Warn; Count III, Breach of Express Warranty; Count IV, Breach of Implied Warranty of Merchantability; Count V, Breach of Implied Warranty of Fitness for a Particular Purpose; Count VI, Product Liability - Negligence Defective Product; Count VII, Breach of Third Party Beneficiary Contract; Count VIII, Negligent Failure to Warn of Dangerous Condition; and Count IX, Punitive Damages.

Defendant now moves for summary judgment on the claims raised in Counts III, IV, V, VII, and IX of the First Amended Complaint. Plaintiff has responded to the motions to which defendant has replied. Pursuant to Rule 56(c), Federal Rules of Civil Procedure, a Court may grant summary judgment if the information before the Court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The burden of proof is on the moving party

to set forth the basis of its motion, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986), and the Court must view all facts and inferences in the light most favorable to the non-moving party, <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986).  Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial.  <u>Id.</u>  The non-moving party may not rest upon its pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion.  <u>Celotex</u>, 477 U.S. at 324.

A.  <u>Counts III, IV and V – Breach of Warranties</u>

In Count III of the First Amended Complaint, plaintiff avers that defendant expressly warranted that the railcars in question were designed properly, were not defective and were fit for use as railcars.  Plaintiff alleges that the railcars did not conform to the warranty inasmuch as the railcars were designed and manufactured with a defective and inadequate pressure relief system.  In Count IV, plaintiff avers that defendant impliedly warranted that the railcars in question were merchantable, were designed properly, were not defective, and were fit for use as railcars.  Plaintiff alleges that the railcars were not fit for their ordinary purpose and were not merchantable inasmuch as they were designed and manufactured with a defective and inadequate pressure relief system.  In Count V, plaintiff avers that defendant

knew or should of known that the railcars were to be used by plaintiff to transport sodium percarbonate. Plaintiff alleges that the railcars were not fit for such use inasmuch as they were designed defectively and/or had defective and inadequate pressure relief systems.

In its Motion for Summary Judgment (Doc. #60), defendant ARI claims that it is entitled to judgment as a matter of law on the warranty claims set out in Counts III, IV and V of the First Amended Complaint inasmuch as the contractual agreement pursuant to which the railcars were supplied by ARI contained a limited warranty provision which, in effect, precludes any recovery on plaintiff's warranty claims raised in the instant cause of action. For the following reasons, defendant's argument is well taken with respect to Counts IV and V. With respect to the express warranty claim raised in Count III, however, defendant's argument fails.

Defendant ARI and a separate entity, General Electric Railcar Services Corporation (GE Railcar), entered into a "Manufacture, Purchase and Sale Agreement" (Agreement) whereby GE Railcar agreed to purchase from ARI railcars designed, manufactured and engineered by ARI in accordance with certain specifications set out in the Agreement. Plaintiff OCI is not a signatory to this contract. Section 10 of the Agreement, entitled "Warranties," provides as follows:

> (b) The Manufacturer warrants and represents

for a period of five (5) years following acceptance of the Cars (the "Warranty Period") that all Cars sold hereunder or pursuant hereto will be free from all defects in design, workmanship and materials, latent or otherwise, and that the Cars are designed, engineered, manufactured and painted and lined (as required) in strict accordance with the Car specifications, samples, drawings, designs or other requirements (including performance specifications) recommended and approved by the Manufacturer and adopted by GE Railcar. The Manufacturer further warrants and represents that all Cars sold hereunder are suitable for railroad interchange and the rail service set out in the applicable Purchase Order and are built in accordance with the rules and regulations of DOT, FRA, and AAR. The Manufacturer hereby agrees to remedy, at no expense to GE Railcar: (i) any defect in design, workmanship and material, latent or otherwise, of any Car sold hereunder or pursuant hereto or an applicable Purchase Order by the Manufacturer; or (ii) any defect in design, workmanship or materials or component parts, latent or otherwise, sold to or otherwise transferred to the Manufacturer by any other party and such materials or components are incorporated in the Cars. If any design, material, or workmanship is found to be defective or not in compliance with DOT, FRA, or AAR rules and regulations, GE Railcar shall notify the Manufacturer of such defect or noncompliance within a commercially reasonable time. GE Railcar shall have the right to require the prompt correction thereof by the Manufacturer at the Manufacturer's sole expense and risk including, without limitation, transportation costs incurred by GE Railcar, or, if the Manufacturer does not make such correction promptly, then GE Railcar may (but shall not be obligated to) make such correction, charging the Manufacturer for the cost thereof. The Manufacturer shall have no obligation to warrant such corrected work performed by a party other than the Manufacturer or its subcontractors. If correction of such work is impractical, in the

> opinion of GE Railcar, the Manufacturer shall bear all risk after notice of rejection, and the Manufacturer will, if requested in writing to do so by GE Railcar, at the Manufacturer's sole expense, promptly repair or replace such work or the parts thereof which are defective or, if the Manufacturer fails to repair or replace promptly such work or parts, GE Railcar may by contract or otherwise replace such work or such parts and charge the Manufacturer the excess cost occasioned to GE Railcar thereby.
>
> . . .
>
> (d) **THE WARRANTIES UNDER THIS SECTION ARE EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR THAT THE CARS ARE FIT FOR ANY PARTICULAR PURPOSE OR USE AND SPECIFICALLY IN LIEU OF ANY WARRANTIES GIVING RISE TO ANY INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES (PROVIDED HOWEVER, THAT THE FOREGOING SENTENCE SHALL NOT ELIMINATE, RESTRICT OR PROHIBIT GE RAILCAR FROM PURSUING OR RECOVERING ACTUAL DAMAGES, COMPENSATORY DAMAGES, LOSSES OF AND DAMAGE TO PROPERTY AND LIABILITY FOR PERSONAL INJURY, BODILY INJURY AND DEATH). THIS WARRANTY DOES NOT COVER ORDINARY WEAR AND TEAR, ABUSE, MISUSE, OR OVERLOADING, EXCEPT AS ARISING FROM DEFECTS IN DESIGN, MATERIALS, OR WORKMANSHIP.**

(Deft.'s Mtn. for Sum. Jmt., Unger Affid., Exh. A-1, Agreement.) (Emphasis in original.)

The parties agree that New York law governs this Court's interpretation of the Agreement. (Agreement, Section 30.)

    1. *Count III - Breach of Express Warranty*

Section 10(b) of the Agreement expressly warrants that the subject railcars will be free from all defects in design,

workmanship and materials.  Sections 10(b) and (d) likewise provide remedies for a breach of this express warranty, including repair or replacement of any defective railcars as well as the recovery of actual damages, compensatory damages, and losses of and damage to property.  To the extent defendant argues that its conduct in designing, engineering and manufacturing the railcars in accordance with the specifications as set out in the Agreement and GE Railcar's acceptance thereof renders the express warranty inapplicable, the undersigned notes that such question is the core issue to be resolved in the instant litigation, to which genuine issues of material fact exist.

Accordingly, inasmuch as the Agreement expressly warrants that the subject railcars would be free from all defects in design, workmanship and materials and provides remedies for the breach thereof, and there exists genuine issues of material fact as to whether defendant's conduct as alleged in the instant cause of action breached such express warranty, defendant's Motion for Summary Judgment (Doc. #60) should be denied to the extent it seeks judgment as a matter of law on Count III of plaintiff's First Amended Complaint.

2. *Counts IV and V – Breach of Implied Warranties*

In bold and all capitalized print, Section 10(d) of the Agreement disclaims all express or implied warranties other than those expressly provided for in the Agreement, with such disclaimer

specifically including "any warranty of merchantability or that the cars are fit for any particular purpose or use[.]"  It is these implied warranties of merchantability and fitness for a particular purpose which form the bases of Counts IV and V of the First Amended Complaint.  Because the Agreement expressly and conspicuously disclaims such implied warranties, defendants are entitled to summary judgment on plaintiff's claims of breach thereof.  See Cirillo v. Slomin's Inc., 768 N.Y.S.2d 759, 772 (N.Y. Sup. Ct. 2003) (contract's express exclusion of any warranty of merchantability or fitness for a particular purpose presented in capitalized print and under a bold heading is sufficiently conspicuous as a matter of law to exclude any such warranties); cf. Mill Printing & Lithograph Corp. v. Solid Waste Mgmt. Sys., Inc., 409 N.Y.S.2d 257, 258 (N.Y. App. Div. 1978) (disclaimer, not being printed in different, larger or contrasting type or color, was not conspicuous).

Plaintiff argues that the inconspicuous nature of the disclaimer's typeface and placement in the Agreement renders such disclaimer invalid.  This argument is without merit.  As noted and quoted above, the warranty disclaimer is in all capitalized letters, is in bold print and is placed within that section of the Agreement entitled "Warranties."  No other section of the Agreement contains these typeface attributes, and the placement of the disclaimer within the Agreement is logical and appropriate.

Defendant's Motion for Summary Judgment (Doc. #60) should be granted to the extent it seeks judgment as a matter of law on Count IV and V of plaintiff's First Amended Complaint.

B.  Count VII – Third Party Beneficiary

In Count VII, plaintiff brings a breach of contract claim alleging that defendant breached its contract with GE Railcar through its improper design, manufacturing and calibrating of the subject pressure relief systems, pressure relief valves, rupture disks, and railcars.  Plaintiff brings this claim as a third party beneficiary of the contract between defendant and GE Railcar.  In its Motion for Summary Judgment (Doc. #60) as to Count VII, defendant presents no evidence or argument demonstrating that plaintiff is not a third party beneficiary under the contract. Instead, defendant argues that, as a third party beneficiary, plaintiff would be as limited by Section 10 of the Agreement ("Warranties") as would the signatory to the contract, that is, GE Railcar.

To the extent defendant argues that plaintiff cannot bring third party beneficiary claims of breach of implied warranties of merchantability and fitness for a particular purpose, defendant's argument is well taken for the reasons set forth in Section A.2, supra, and defendant's Motion for Summary Judgment (Doc. #60) on Count VII with respect to such claims should be granted.  For the reasons set forth in Section A.1, defendant's

Motion for Summary Judgment (Doc. #60) on Count VII with respect to claims of breach of express warranty should be denied.

To the extent defendant claims that any other breach of contract claim brought by plaintiff as third party beneficiary is precluded by the defendant's compliance with the terms of its Agreement with GE Railcar and GE Railcar's certified acceptance of the subject railcars, defendant's motion should be denied. It cannot be said on the record before the Court that defendant has established its right to judgment on plaintiff's breach of contract claim with such clarity as to leave room for no controversy and that plaintiff is not entitled to prevail on this claim under any discernable circumstances. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980).

C.  Count IX – Punitive Damages

In Count IX of the First Amended Complaint, plaintiff seeks punitive damages alleging that defendant ARI knew the railcars at issue were unreasonably dangerous for use in transporting sodium percarbonate inasmuch as such railcars were not equipped with a capable pressure relief system for such use, and further knew that plaintiff would use the railcars for such transport. Plaintiff alleges that defendant's design, manufacture, assembly, production, sale, and distribution of said railcars with such knowledge was willful, wanton and reckless, and was done with complete indifference to and/or in conscious disregard for the

rights and safety of plaintiff and others.  In its first Motion for Summary Judgment (Doc. #60), defendant contends that plaintiff's claim for punitive damages fails under New York law to the extent plaintiff seeks such damages in relation to its contract claims. In its Separate Motion for Summary Judgment (Doc. #62), defendant contends that plaintiff cannot show that defendant possessed the requisite culpable mental state under Missouri law to justify an award of punitive damages in relation to its tort claims.  The Court will address each of these contentions in turn.

   1.  *Contract Claims under New York Law*

Although contained within its Motion for Summary Judgment (Doc. #60), defendant's challenge to Count IX under New York law attacks only the face of plaintiff's claim, arguing that it fails to contain the requisite factual allegations to bring a claim of punitive damages for breach of contract under New York law. Defendant's argument is well taken.

In a diversity case, the Court must interpret state law in determining whether the elements of a claim have been plead. <u>Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.</u>, 406 F.3d 1052, (8th Cir. 2005).  The parties agree that New York law governs plaintiff's contract claims.

To state a claim for punitive damages under New York law on the basis of breach of contract, a plaintiff must allege in its pleading 1) that defendant's conduct is actionable as an

independent tort, 2) that the tortious conduct is of such an egregious nature so as to imply a criminal indifference to civil obligations, 3) that the egregious conduct is directed to the plaintiff, and 4) that the conduct is part of a pattern directed at the public generally.  New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 315-16 (N.Y. 1995) (citing Rocanova v. Equitable Life Assurance Soc'y of the U.S., 83 N.Y.2d 603, 613 (N.Y. 1994); Walker v. Sheldon, 10 N.Y.2d 401, 404-05 (N.Y. 1961)).  A lack of these allegations results in dismissal.  See Pier 59 Studios L.P. v. Chelsea Piers L.P., 811 N.Y.S.2d 24, 25 (N.Y. Sup. Ct. 2006).

Plaintiff does not dispute that Count IX does not contain the requisite elements for punitive damages on the basis of breach of contract under New York law.  Instead, plaintiff argues that its claim for punitive damages is properly plead under the liberal notice pleading standard of the Federal Rules of Civil Procedure.  While Fed. R. Civ. P. 8(a) requires a federal complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint in a diversity case must nevertheless sufficiently allege a claim under the relevant state law.  Moses.com, 406 F.3d at 1062-65; Lederman v. Cragun's Pine Beach Resort, 247 F.3d 812 (8th Cir. 2001).  Because the allegations raised in Count IX of the First Amended Complaint are insufficient to state a claim for punitive damages under New York law on the basis of breach of contract, defendant's request to

dismiss plaintiff's claim for punitive damages on such a basis should be granted. Moses.com, 406 F.3d at 1062.

   2.  *Tort Claims under Missouri Law*

In its Separate Motion for Summary Judgment (Doc. #62), defendant argues that plaintiff cannot recover on its claim of punitive damages in relation to its tort claims of negligence and product liability inasmuch as it cannot demonstrate that defendant ARI possessed the requisite culpable mental state to justify such an award. The parties agree that Missouri law governs plaintiff's tort claims.

The undersigned has reviewed the defendant's motion and the materials and briefs submitted in support of each party's position and finds there to be genuine issues of material fact in dispute between the parties including, but not limited to, whether and to what extent defendant knew or had reason to know a high degree of probability existed that the subject railcars would cause injury, whether defendant placed unreasonably dangerous railcars in commerce with actual knowledge of their defect, and whether such conduct showed a complete indifference to or conscious disregard for the safety of others. See Ford v. GACS, Inc., 265 F.3d 670, 677-78 (8th Cir. 2001) (Missouri law). On the information before the Court, and viewing all facts and inferences in the light most favorable to plaintiff, Matsushita Elec., 475 U.S. at 587, it cannot be said that defendant has established its right to judgment

on plaintiff's claim for punitive damages in tort with such clarity as to leave room for no controversy and that plaintiff is not entitled to prevail on this claim under any discernable circumstances. Vette Co., 612 F.2d at 1077. Therefore, defendant's Motion for Summary Judgment (Doc. #62) should be denied.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's American Railcar Industries, Inc.'s Motion for Partial Summary Judgment on Counts III, IV, V, VII and IX of the First Amended Complaint (Doc. #60) is denied to the extent it seeks judgment as a matter of law on Count III of plaintiff's First Amended Complaint; granted to the extent it seeks judgment as a matter of law on Counts IV and V of plaintiff's First Amended Complaint; granted in part and denied in part to the extent it seeks judgment as a matter of law on Count VII of the First Amended Complaint; and granted to the extent it seeks judgment as a matter of law on Count IX of the First Amended Complaint as it relates to plaintiff's claims sounding in contract.

**IT IS FURTHER ORDERED** that American Railcar Industries, Inc.'s Separate Motion for Summary Judgment on Count IX of the First Amended Complaint (Doc. #62) is denied in its entirety.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _25th_ day of March, 2009.