UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

OCI CHEMICAL CORPORATION,      )
                               )
            Plaintiff,         )
                               )
       v.                      )    No. 4:05CV1506 FRB
                               )
AMERICAN RAILCAR INDUSTRIES, INC., )
                               )
            Defendant.         )

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff OCI Chemical Corporation's Motion to Strike Defendant's Amended and Supplemental Rule 26 Disclosures, or in the Alternative Motion in Limine to Prohibit Defendant from Introducing Evidence Beyond the Scope of Defendant's Original Rule 26 Disclosures (filed February 27, 2009/Doc. #84). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). Trial is presently set in this cause for April 20, 2009.

This case has been pending before this Court since September 2005. The matter has been set and reset for trial on four separate occasions and the Court's Case Management Orders relating to discovery, pretrial motion practice and other matters have been repeatedly amended at the request of the parties throughout this litigation.[1] As averred by the parties in relation

---

[1] By virtue of the most recent Amended Case Management Order (Doc. #52), discovery in this matter closed on October 31, 2008.

to the instant Motion to Strike, disclosures under Fed. R. Civ. P. 26(a), and amendments and supplements thereto made in accordance with Fed. R. Civ. P. 26(e), have likewise been made by the parties throughout the course of this litigation. At issue in the instant motion is defendant's Amended and Supplemental Rule 26 Disclosures made on February 19, 2009.

A review of defendant's Amended and Supplemental Rule 26 Disclosures shows defendant to name multiple persons who, as averred by defendant, may present testimony at trial in support of its claims and defenses in the case; and to identify multiple documents which, as averred by defendant, may be offered by the defendant in support of its claims and defenses. In the instant Motion to Strike, plaintiff seeks to strike such Disclosure in its entirety arguing that it is untimely and identifies new witnesses, new documents and expert opinions to the prejudice of plaintiff. Specific challenges are raised, however, to only a limited number of disclosures contained within defendant's Amended and Supplemental Rule 26 Disclosures.

Upon review of defendant's Amended and Supplemental Rule 26 Disclosures, the parties' respective positions on the instant Motion to Strike, and the evidence submitted in support thereof,

---

Defendant was to disclose all expert witnesses and provide reports under Fed. R. Civ. P. 26(a)(2) not later than September 15, 2008, and to have depositions completed of such experts not later than October 31, 2008. A review of the file shows no extensions of these deadlines to have been sought by either party.

the undersigned determines the disclosures, generally, not to rise to such a level that plaintiff would be prejudiced thereby.  The undersigned is troubled, however, by defendant's supplemental disclosure of the testimony and evidence it seeks to adduce from designated fact witnesses Roger Dalske and Mike Williams.  Plaintiff challenges this disclosure on the basis that such proffered testimony and evidence appears to constitute expert opinions without defendant having designated such persons as experts or in any other way complying with Fed. R. Civ. P. 26(a)(2).  In response, defendant defends the proffered opinion testimony, arguing:  "OCI itself elicited, repeatedly, opinions on technical subjects and engineering practice from the ARI engineers that OCI deposed as fact witnesses.  ARI intends to address openly . . . in the testimony of its own engineers the very subjects on which OCI has already elicited opinion testimony."  (Deft.'s Memo. in Oppos. at p. 8.)

Expert testimony is designated as such by its reliance on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702.  Occurrence witnesses, including those providing "lay opinions," cannot provide opinions based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701.  Therefore, a fact witness is providing expert testimony if the testimony consists of opinions based on scientific, technical, or other specialized knowledge, regardless

of whether those opinions were formed during the scope of interaction with a party prior to litigation. See Musser v. Gentiva Health Serv., 356 F.3d 751, 757, n.2 (7th Cir. 2004). As such, even fact witnesses must be designated as experts if they are to provide expert testimony. Id. at 757-58; see also Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co., Inc., 199 F.R.D. 320 (D. Minn. 2000) (discussing 2000 amendments to Fed. R. Evid. 701).

In accordance with this Court's most recent Amended Case Management Order, defendant was required to disclose all expert witnesses and provide reports under Fed. R. Civ. P. 26(a)(2) not later than September 15, 2008, and to have depositions completed of such experts not later than October 31, 2008. The parties do not dispute that neither Roger Dalske nor Mike Williams has been designated as an expert witness by either plaintiff or defendant in this cause in accordance with Fed. R. Civ. P. 26(a)(2)(A); nor have they provided any written reports as required under Fed. R. Civ. P. 26(a)(2)(B). As such, to the extent any party seeks to elicit from Messrs. Dalske or Williams opinion testimony based on "specialized knowledge" within the scope of Fed. R. Evid. 702, any such testimony shall be barred for failure to comply with Fed. R. Civ. P. 26(a)(2).[2] See Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008

---

[2]This caveat also applies to any other witness not timely designated as an expert witness in compliance with Fed. R. Civ. P. 26(a)(2) and/or this Court's Case Management Order(s).

(8th Cir. 1998); Fed. R. Civ. P. 37(c). Any such witness, however, shall be permitted to provide lay opinion testimony in this cause in accordance with Fed. R. Evid. 701.[3] On the information presently before the Court, it cannot be said that the proffered testimony of Messrs. Dalske and Williams falls entirely within the scope of Fed. R. Evid. 702. Striking these witnesses' testimony outright at this stage of the proceedings would therefore be inappropriate.

Accordingly, upon due consideration,

**IT IS HEREBY ORDERED** that plaintiff OCI Chemical Corporation's Motion to Strike Defendant's Amended and Supplemental Rule 26 Disclosures, or in the Alternative Motion in Limine to Prohibit Defendant from Introducing Evidence Beyond the Scope of Defendant's Original Rule 26 Disclosures (Doc. #84) is denied without prejudice.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _31st_ day of March, 2009.

---

[3] "[T]he distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" Fed. R. Evid. 701, Committee Notes, 2000 Amendments (quoting State v. Brown, 836 S.W.2d 530, 549 (Tenn. 1992)).